UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE E. MINTER, Personal
Representative of the Estate of Dontarie
L. Minter,

        Plaintiff,

v

BRADLEY SHIMMONS,

        Defendant.
_____/

Case No. 1:07-cv-833

HON. JANET T. NEFF

## **OPINION**

Plaintiff-personal representative filed suit against defendant Shimmons[1] on August 27, 2007, alleging an Eighth Amendment claim under 42 U.S.C. § 1983 (Count 1) and gross negligence under MICH. COMP. LAWS § 691.14 (Count 2). Defendant is a Department of Corrections officer employed at the Special Alternative Incarceration (SAI) program, i.e., "boot camp," where plaintiff's decedent resided. Now pending before the Court is defendant's Amended Motion for Summary Judgment (Dkt 42). Plaintiff has filed a response in opposition to defendant's motion (Dkt 45).

## **Background**

Initially, plaintiff asserted that the decedent died on May 26, 2004. She alleged in her First Amended Complaint that the decedent died on May 26, 2004 even though she also acknowledged

---

[1] Plaintiff also named the Department of Corrections in her suit, but the parties subsequently stipulated to dismissing the Department (Dkts 9-11).

in the pleading that the medical records place the decedent's time of death as 10:59 p.m. on May 27, 2004. First Amended Compl. ¶¶ 9, 11.

Plaintiff also initially asserted that the decedent died on May 26, 2004 "after a physical altercation with Defendant Sgt. Shimmons" and/or after "performing physically demanding exercises at the direction of Sgt. Shimmons." First Amended Compl. ¶¶ 9, 17.

The parties have since filed their Statement of Undisputed Facts. Plaintiff now concedes that the decedent in fact died on May 27, 2004 at approximately 10:58 p.m. Undisputed Facts, ¶ 1. The parties agree that the stated cause of his death was hyperthermia. *Id.* ¶ 2. Moreover, plaintiff now concedes that defendant left work on May 26, 2004 at 3:37 p.m. and did not work at all on May 27, 2004. *Id.* ¶ 3. Hence, it is also undisputed between the parties that the decedent's first reported symptoms of hyperthermia occurred more than 28 hours after his last contact with defendant Shimmons. *Id.* ¶ 5.

Consequently, defendant argues that he is entitled to summary judgment of plaintiff's complaint against him because he was not involved in the May 27, 2004 housekeeping drill that led to the decedent's physical distress and death later that evening. Defendant argues that there is no evidence that he had any involvement in causing the decedent's death. Defendant emphasizes that prison officials did not notice the decedent needing medical attention until 8:40 p.m. on May 27, 2004.

In response, plaintiff claims that "[w]hether or not Defendant Shimmons involvement in Plaintiff's [sic] ultimate death, is a genuine issue of material fact to be resolved by the jury in this cause of action." Plaintiff argues that "as supervisor over Plaintiff [sic] on May 26, 2004, he had direct involvement with any physical activity that may have been preformed [sic]."

## **Motion Standard**

"A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. CIV. P. 56(b). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

"While all inferences are drawn in favor of the non-moving party, that party still must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment." *Tucker v. Tennessee,* 539 F.3d 526, 531 (6th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). Importantly, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citation omitted)).

## **Discussion**

Section 1983 liability of supervisory personnel must be based on more than the right to control employees. *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), cert. den. 469 U.S. 845 (1984) (quoting *Hays v. Jefferson County,* 668 F.2d 869, 872-74 (6th Cir. 1982)). Section 1983 liability will not be imposed solely upon the basis of respondeat superior. *Id.* There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *Id.* At a minimum, a § 1983 plaintiff must show that a supervisory official at least

3

implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Id.*

Plaintiff's mere assertion that defendant had supervisory control over any physical activity that the decedent may have performed on May 26, 2004 is insufficient to survive defendant's motion for summary judgment. Plaintiff has made no showing that defendant encouraged an activity or in some other way directly participated in an activity that led to the decedent's death on the following evening. Defendant is entitled to summary judgment of Count 1 against him.

Having disposed of the federal claim in Count 1, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines supplemental jurisdiction over the state-law claim in Count 2. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims."), cert. den. 127 S. Ct. 1832 (2007).

For the foregoing reasons, this Court GRANTS defendant's Amended Motion for Summary Judgment. An Order will be entered consistent with this Opinion.


DATED:  October 8, 2008                          /s/ Janet T Neff
                                                 JANET T. NEFF
                                                 United States District Judge